UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID ZIMAND,<br><br>                      Plaintiff,<br><br>        - against -<br><br>UNIVISION COMMUNICATIONS INC.<br><br>                      Defendant. | Docket No. 1:18-cv-2083<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff David Zimand ("Zimand" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Univision Communications Inc. ("Univision" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of supermodel Bar Refaeli and her husband Adi Ezra, owned and registered by Zimand, a New York based professional photographer. Accordingly, Zimand seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq.*

## JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides and/or transacts Univision in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Zimand is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 34 East Palisade Avenue, Englewood, New Jersey 07631.

6. Upon information and belief, Univision is a foreign business corporation duly organized and existing under the laws of the State of Delaware, with a place of Univision at 605 3rd Avenue, New York, New York 10158. Upon information and belief, Univision is registered with the New York State Department of Corporations to do Univision in New York. At all times material, hereto, Univision has owned and operated a website at the URL: www.Univision.com (the "Website").

## STATEMENT OF FACTS

**A.  Background and Plaintiff's Ownership of the Photograph**

7. Zimand photographed supermodel Bar Refaeli and her husband Adi Ezra (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Zimand placed his watermark on his Photograph. See Exhibit A.

9. Zimand is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph is registered with the United States Copyright Office and given registration number VAu 1-206-111.

**B.  Defendant's Infringing Activities**

11. On March 11, 2015, Univision ran an article on the Website entitled *Se casa Bar Refaeli con Adi Ezra*. The article prominently featured the Photograph. See https://www.univision.com/entretenimiento/chismes/se-casa-bar-refaeli-con-adi-ezra. A screen shot of the article with the Photograph is attached hereto as Exhibit B.

12. Univision did not license the Photograph from Plaintiff for its Website, nor did Univision have Plaintiff's permission or consent to publish the Photograph on its Website.

### FIRST CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT AGAINST UNIVISION)
### (17 U.S.C. §§ 106, 501)

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. Univision infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Univision is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Univision have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

19. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST UNIVISON**
**(17 U.S.C. § 1202)**

20. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21. Upon information and belief, intentionally and knowingly cropped out the watermark on the Photograph which is considered copyright management information identifying Plaintiff as the photographer of the Photograph.

22. The conduct of Univison violates 17 U.S.C. § 1202(b).

23. Upon information and belief, Univison falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

24. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Univison intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Univison also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

25. As a result of the wrongful conduct of Univison as alleged herein, Plaintiff is entitled to recover from Univison the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Univison because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

26. Alternatively, Plaintiff may elect to recover from Univison statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Univision be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Univison be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management

    information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5.  That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6.  That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7.  That Plaintiff be awarded pre-judgment interest; and

8.  Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
   March 7, 2018

                LIEBOWITZ LAW FIRM, PLLC

                By: /s/Richard Liebowitz
                   Richard P. Liebowitz
               11 Sunrise Plaza, Suite 305
               Valley Stream, New York
               Tel: 516-233-1660
               RL@LiebowitzLawFirm.com

               *Attorneys for Plaintiff David Zimand*